# Lowell B. Davis
**ATTORNEY AT LAW**
18 Jeffrey Lane
GREAT NECK, N.Y. 11020
TELEPHONE: 516 746-7474

March 10, 2023

Hon. Phillip H. Halperin
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Hon. Phillip H Halperin

> Appellee is directed to file a letter setting forth its position with respect to Appellants' response to the Court's Order to Show Cause by March 22, 2023.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> March 15, 2023

As per the Court's Show Cause Order, we respectfully set forth in response the following.

It is the Appellants's contention that there is pending before the Court a motion for reargument/reconsideration of the order of the Bankruptcy Court dated June 21, 2002. As such the time to file an appeal from that order, " . . . .the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion. See FRCP 8002.

Appellants Appeal from the order of the Hon Robert D. Drain (June 21, 2002) is not untimely pursuant to FRBP 158(c)(2) for the reasons hereinafter set forth.

FRBP 158(c)(2) sets forth in particular as follows:

Except as provided in subdivisions FRBP 158 (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed.

(2) Filing Before the Entry of Judgment. A notice of appeal filed after the bankruptcy court announces a decision or order-but before entry of the judgment, order, or decree-is treated as filed on the date of and after the entry.

On or about, April 7, 2022 under Docket 114, Mark s. Tulis as trustee for the Estate Bruce J. Paswall debtor a motion for objection to claims filed by the Estate of Brenda Paswall by its Administrators, Grant Paswall and Reed.

On May 13, 2022, the aforementioned Motion for objection to claims was heard and the objections granted, with the order to follow.

On May 23, 2022, a timely motion pursuant to Fed. R Civ Pro 60(b) and FRBP 3008 for reargument was filed. (Dkt 120) by Grant Paswall and Reed as the Administrators of the Estate of Brenda Paswall.

**Lowell B. Davis** p. 2

On June 20, 2022, Mark S. Tulis as the trustee for the Estate Bruce J. Paswall debtor opposed the motion for reconsideration of granting the Trustee an order disallowing the claims of Grant Paswall and Reed as the Administrators of the Estate of Brenda Paswall.

On June 21, 2022. The formal order granting the disallowance of the claims of Grant Paswall and Reed individually and as Administrators of the Estate of Brenda Paswall was entered. (Dkt 123, 124).

On June 30, 2022 a timely Notice of Appeal was filed by Grant Paswall and Reed individually and as the Administrators of the Estate of Brenda Paswall, filed a Notice of Appeal from the order dated June 21, 2022 of the Hon. Robert disallowing the aforementioned claims. In said order the Honorable Robert D. Drain did, expressly, "retain jurisdiction over any and all issues arising from or related to the implementation of this order.) Those issues relate to the still pending appeal and its collateral effect on the issue of whether or not the claim of Grant and Reed Paswall as administrators of the Estate of Brenda Paswall was a Domestic Order of Support, giving it priority over all other creditors claims. To date none of the assets in the debtor's Bankruptcy Estate have been released

On July 1, 2022 the aforementioned motion for reargument pursuant to FRCP 60(b) and FRBP 3008, was re-assigned to Judge Sean H. Lane. (Dkt 127) The motion pursuant to Fed. R Civ Pro 60(b) and FRBP 3008 filed by Grant Paswall and Reed individually and as the Administrators of the Estate of Brenda Paswall. (Dkt 120) remains open and undecided.

The Order appealed from was entered on June 21, 2022. (Dkt 123,124). The Notice of Appeal, in the matter before the Court was timely filed on June 30, 2022 (Dkt. 126), well within the period proscribed by FRCP 8002(a). It is parenthetically noted that at the time of the entry of the aforementioned order, there was still pending before the Second Circuit of Appeals, under Docket 21-1989-bk an appeal from an earlier appeal from the order of the Hon. Karras affirming an order and judgment under docket 19-23623. That appeal, before the Second Circuit Court of Appeals was decided on or about February 13, 2023. Arguably, all issues before the District Court were not finally resolved on or before February 13, 2023, including additional arguments that the claim of the Estate of Brenda Paswall the debtor's deceased spouse qualified as a Domestic Support Order.

To the extent that the Notice of Appeal was not filed in the proper Court, which it was not and was never asserted, pursuant to FRCP 8003(a)(2), that Notice of Appeal would nevertheless be timely. The same applies to a Notice of Appeal filed prematurely. See FRCP 8003(a)(2) In addition under FRCP 8002(B)(b). The time to file a Notice of Appeal is extended where as here a motion for reargument/rehearing is pending. This is the situation presently before the Court. Here Appellants motion for reconsideration, timely filed remains sub judice before the Court.

**Lowell B. Davis** p. 3

 We respectfully submit that the Court's order to show cause be denied and that the case proceed.

Very truly yours,

*Lowell B. Davis*
Lowell B. Davis
LBD/le