UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GRANT PASWALL and REID PASWALL,

                                Appellants,

v.

MARK S. TULIS,

                                Appellee.
-----------------------------------------------------------X

**ORDER**

No. 22-CV-08161 (PMH)

PHILIP M. HALPERN, United States District Judge:

      The Court, on March 6, 2023, directed Appellants to show cause why this appeal should not be dismissed under (1) 28 U.S.C. § 158(c)(2) and FRBP 8002(a) as untimely; and (2) under FRBP 8003(a)(2) for failure to perfect or prosecute. (Doc. 7). On March 10, 2023, as directed by the Court's order to show cause, Appellants filed a letter, docketed as a "motion to bifurcate," in which they contend this appeal was timely filed under 28 U.S.C. § 158(c)(2) and FRBP 8002(a). (Doc. 8). Appellants do not make any effort to show cause why the appeal should not be dismissed for failure to prosecute under FRBP 8003(a)(2) and FRBP 8009.

      Appellants aver the following timeline, as relevant to the instant appeal: on May 13, 2022, the Bankruptcy Court heard Appellee's objection to Appellants' claims and granted the objections, with the order to follow; on May 23, 2022, Appellants moved for reargument; on June 21, 2022, the Bankruptcy Court entered the formal order granting Appellee's objection to Appellants' claims; on June 30, 2022, Appellants filed a notice of appeal with the Bankruptcy Court; and that on July 1, 2022, the "aforementioned motion for reargument pursuant to FRCP 60(b) and FRBP 3008, was re-assigned to Judge Sean H. Lane . . . [and] remains open and

undecided." (Doc. 8 at 2).[1]

On March 15, 2023, the Court directed Appellee to file a letter setting forth its position with respect to Appellants' response to the Court's Order to Show Cause. (Doc. 9). Appellee, in accordance with the Court's order, filed such a letter on March 22, 2023. (Doc. 10). Appellee points out the principal flaw in Appellants' timeline, which is that the motion for reargument referenced by Appellants was addressed in the order appealed from and "[t]here is no motion pending with the Bankruptcy Court." (Doc. 10 at 1). Indeed, a review of the order appealed from reveals the explicit reference by the Bankruptcy Court to the "motion for rehearing [Dkt No. 120] and the Trustee's response [Dkt. No. 121]; and upon the record of the hearing held by the Court on June 17, 2022 . . . ." (Doc. 1 at 3).

Under Federal Rule of Bankruptcy Procedure 8009(a)(1)(A), the appellant "must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." The appellant must "file and serve the designation and statement within 14 days after (i) the appellant's notice of appeal as of right becomes effective under Rule 8002 . . . or (ii) an order granting leave to appeal is entered." Fed. R. Bankr. P. 8009(a)(1)(B). Finally, the appellant must either order a copy of the transcript of any proceedings not on file or "file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript." Fed. R. Bankr. P. 8009(b)(1)(A)-(B).

Although Appellants' failure to take these steps in connection with this appeal does not

---

[1] Appellants also "parenthetically note[ ]" that "at the time of the entry of the [order appealed from] there was still pending before the Second Circuit Court of Appeals . . . an appeal from an earlier appeal . . . [which Second Circuit appeal was] decided on or about February 13, 2023." (Doc. 8 at 2). It is not at all clear to this Court that the appeal of an unrelated order by Judge Karas has any relevance to the Notice of Appeal from the Bankruptcy Court's June 21, 2022 order that is at issue in this case. Even if the pendency of that Second Circuit appeal had some impact on this appeal, rendering the Notice of Appeal herein ineffective until its resolution on or about February 13, 2023, the designation and statement would have been due by February 27, 2023. Thus, even under Appellants' theory—which the Court does not endorse—the designation and statement are still untimely.

affect the validity of the appeal, it is nonetheless a basis for the Court "to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2); *see also In re Abraham*, No. 21-CV-01628, 2021 WL 5597939, at *5 (S.D.N.Y. Nov. 30, 2021) (citing *In re Harris*, 464 F.3d 263, 270 (2d Cir. 2006)).

The Second Circuit has "affirmed . . . dismissal of an appeal based on an untimely filing of the Designation and Statement." *In re Kollel Mateh Efraim, LLC*, 582 F. App'x 61, 62 (2d Cir. 2014) (citing *In re Lynch*, 430 F.3d 600 (2d Cir. 2005)). The Circuit, in those cases, has explained that the relevant inquiry is made under Rule 9006(b)(1), which permits some filings or other acts to be accepted notwithstanding a missed deadline. "[O]n the motion of the party, the court may, for cause shown and in its discretion, 'permit the act to be done where the failure to act was the result of excusable neglect.'" *In re Lynch*, 430 F.3d at 603 (quoting Fed. R. Bankr. P. 9006(b)(1)). Thus, if the party does not demonstrate excusable neglect, the appeal cannot proceed. *Id*. at 605 ("If a party fails to file a Designation and Statement on time, and an untimely filing is disallowed because no excusable neglect has been shown, the appeal has to be at an end.").

Here, it is not disputed that the designation and statement required have not been filed and are untimely. Appellants did not make any attempt to show cause why this appeal should not be dismissed for failure to file the required designation and statement and otherwise prosecute this appeal. As a result of such failure, this Court has no record on appeal from which to review the Bankruptcy Court proceedings. Appellants, despite notice of the possibility of dismissal of this appeal and having had an opportunity to respond (Doc. 7) (*see In re Hawkins*, 295 F. App'x 452, 453 (2d Cir. 2008) (quoting *In re Harris*, 464 F.3d at 272)), failed to offer *any* explanation, let alone establish excusable neglect, for their failure to comply with procedural requirements for

3

more than eight months.

To the extent Appellants' argument is that they did not have to comply with these procedural requirements because a motion for reargument was still pending in the Bankruptcy Court, that position is belied by the plain text of the Order appealed from. No motion for reargument was pending when Appellants filed their Notice of Appeal, and Appellants have provided the Court with no other explanation for their failure to prosecute this appeal.

To be sure, to this date, Appellants still have not made any effort to comply with the procedural requirements to enable this Court to review the Bankruptcy Court proceedings. Nor have they requested an extension of their time within which to file the designation and statement. There is no record before this Court, nor have any briefs been filed. Under these circumstances and on the authority of *In re Lynch*, the Court, in the exercise of its discretion, hereby dismisses this appeal.

The Clerk of Court is respectfully requested to terminate the pending motion (Doc. 8) and to close this case.

**SO ORDERED:**

Dated: White Plains, New York
　　　　March 22, 2023

　　　　　　　　　　　　　　　　　　　　*(signature)*
　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Philip M. Halpern
　　　　　　　　　　　　　　　　United States District Judge